The UNITED STATES of America, Petitioner,

v.

Andrew E. HILL and J. E. Pinkerton, Respondents.

Misc. No. 81–0197.

United States District Court, District of Columbia.

Oct. 27, 1981.

Dayton Lehman, Sp. Asst. U. S. Atty., Washington, D. C., for petitioner.

John D. Taurman, Vinson & Elkins, Washington, D. C., for respondent.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Here before the Court is a petition to enforce Department of Energy (DOE) subpoenas directed to respondents Andrew E. Hill and J.E. Pinkerton, officers of Hill Petroleum Company, a Texas corporation engaged in the purchase and sale of gasoline and other petroleum products. Respondents were ordered by subpoenas issued May 11, 1981 to appear at DOE's Houston, Texas office to testify concerning the compliance of Hill Petroleum Company and Goldberg Refining, Ltd. with mandatory petroleum price and allocation regulations codified at 10 C.F.R. parts 205, 210, 211, and 212, with respect to "purchases, sales, exchanges and processing of crude oil and the purchase and sale of its [sic] refined product" over the period September, 1976 through September, 1977. Another DOE subpoena, which is the subject of a separate petition to enforce in *United States v. Stoltz,* 525 F.Supp. 617 (Memorandum Opinion filed this date), also brought before this Court, seeks testimony concerning another company's compliance with the same regulations with regard to the same type transactions in petroleum products over the same time period. Respondents requested that DOE review and quash the subpoenas, but this request was denied by DOE. DOE then instructed respondents that it would take their testimony on July 1, 1981. Respondents informed DOE that they would not appear on the scheduled date and have not done so since, prompting DOE to seek enforcement of the subpoenas through this Court. Respondents have moved to dismiss the petition and for discovery limited to the issue of the situs of the inquiry being carried on by DOE (a question relevant to the Court's subject matter jurisdiction; *see* discussion, *infra*).

In their motion to dismiss, respondents essentially have three arguments: first, that section 645 of the Department of Energy Organization Act of 1977 (DOEOA), 42 U.S.C. § 7255, does not confer subject matter jurisdiction on this Court, second, that *in personam* jurisdiction is lacking since this Court, it argues, lacks statutory authority to issue process extra-territorially in this case, and, third, that section 206 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note, and section 13(e)(2) of the Federal Energy Administration Act of 1974, 15 U.S.C. § 772(e)(2), also do not give this Court enforcement jurisdiction. Respondents, in their separate but identical requests to DOE for review of the subpoenas (attached to DOE's petition as exhibits C and D), also charge that the subpoenas are not reasonably defined and do not relate to a lawful purpose. Respondents also presented these arguments at the hearing. As the following discussion will demonstrate, it is clear that this Court does have enforcement jurisdiction over the subpoenas in question here and that the subpoenas are valid and enforceable.

Similar jurisdictional issues to those presented here were discussed in this Court's decision in *United States v. Tesoro*, 503 F.Supp. 868 (D.D.C.1980), and as such, that decision disposes of respondents' arguments concerning subject matter and *in personam* jurisdiction. The Court's subject matter jurisdiction over this case arises from section 645 of the DOEOA. Section 645 explicitly confers upon DOE the "same powers and authorities as the Federal Trade Commission under section 9 of the Federal Trade Commission Act with respect to all functions . . . ." 42 U.S.C. § 7255. Thus, DOE's powers include the authority to issue subpoenas "[compelling] attendance of witnesses, . . . from any place in the United States, at any designated place of hearing." Federal Trade Commission Act (FTCA) § 9, 15 U.S.C. § 49. Section 9 further confers the power to enforce such subpoenas upon

"[a]ny of the district courts of the United States within the jurisdiction of which such inquiry is carried on." *Id.; see also, Tesoro, supra,* at 870.

■ The "inquiry," respondents aver, is not being "carried on" in this district, since respondents reside in Texas, the subpoena was returnable in Texas, and their employer, the Hill Petroleum Company, is engaged in business in Louisiana and surrounding Southern states. A similar argument was advanced by the respondent in the companion case to this one, *United States v. Stoltz, supra,* and rejected. Despite the facts that in *Stoltz,* respondent also was a Texas resident, the subpoena likewise was returnable there, and that the corporation had its place of business in Texas, this Court found that the District of Columbia, was an appropriate forum, if perhaps not the only appropriate forum, because of the important investigative functions of DOE that took place in the District of Columbia. *Stoltz, supra,* Memorandum Opinion at 618–619. As noted in *Stoltz,* and as petitioner's affidavit sufficiently establishes[1] in the case here, the DOE's headquarters are located in this district, the officials ultimately responsible for enforcing the regulations are here, the control and direction of the investigations emanated from the District of Columbia, as did the decisions to issue the subpoenas and seek their enforcement. Affidavit of Jeffrey R. Whieldon (Exhibit 2 to Petitioner's Reply to Respondents' Opposition . . . and Memorandum in Support of Petitioner's Opposition to Respondents' Motion to Dismiss and for Discovery); *Stoltz, supra,* Memorandum Opinion at 618–619. As such, the requirements of the rule that the activity under investigation must bear a reasonable relationship to the forum, set forth in *Federal Trade Commission v. Mac Arthur,* 532 F.2d 1135, 1140 (7th Cir. 1976) and followed in this Court's opinion in *Tesoro, supra,* are met in the instant case, and therefore the inquiry is one being "carried

---

1. Because petitioner's affidavit is sufficient to establish the facts concerning the investigation undertaken by DOE relevant to the question for jurisdictional purposes, of where the inquiry was carried on, respondents' motion for discovery as to this question shall be denied. *See, Stoltz,* Memorandum Opinion at 619.

on" in this district for purposes of establishing jurisdiction.

■ *In personam* jurisdiction is lacking, respondents argue, because the Court does not have statutory authority to issue process extra-territorially in this case. This simply is not so. The United States Court of Appeals for the District of Columbia Circuit established in *Federal Trade Commission v. Browning*, 435 F.2d 96 (D.C.Cir. 1970), that a district court does have extra-territorial service of process power in subpoena enforcement activities under section 9 of the FTCA. *See also, Federal Election Commission v. Committee to Elect Lyndon La Rouche*, 613 F.2d 849 (D.C.Cir.1979), *cert. denied* 444 U.S. 1074, 100 S.Ct. 1019, 62 L.Ed.2d 755 (1980) (interpreting statutory language in Federal Election Commission Act almost identical to that in FTCA section 9). Moreover, the Court has found that extra-territorial jurisdiction exists in court proceedings to enforce DOE subpoenas. *Tesoro, supra*, at 871. It being settled that the Court has extra-territorial service of process in cases such as this, respondents' argument that this Court lacks *in personam* jurisdiction, therefore, has no merit. Consequently, as this Court does have subject matter and *in personam* jurisdiction under section 645 of the DOEOA as it incorporates section 9 of the FTCA, it is unnecessary to consider whether the above-referenced sections of the Economic Stabilization Act and the Federal Energy Administration Act confer enforcement jurisdiction upon this Court.

■ Petitioner, respondents further contend, has failed to show that the subpoenas were issued for a lawful purpose and that the evidence sought is relevant to that purpose. Respondents argue that the subpoenas are "severely oppressive and violate[ ] due process of law" because they lack sufficient particularity to apprise respondents adequately of the nature of the investigation, are unreasonably overreaching in that they require respondents to prepare testimony from "unlimited" volume of records covering an "extended period of time," and are overbroad in that they are "so vague and unclear" as to constitute general warrants. Exhibits C, D to petition (Requests by Hill and Pinkerton to DOE for review of subpoenas). Similar arguments were advanced by the respondent in *United States v. Stoltz, supra* (Memorandum Opinion at 620), and inasmuch as the subpoena in *Stoltz* sought testimony with respect to compliance with the same regulations, concerning the same types of transactions, over the same 13-month period, the Court's discussion of such arguments in its opinion in that case applies with equal force to the matters at hand. As the Court ruled in *Stoltz*, considering the broad latitude given agencies in stating the scope of their investigations, the language in these subpoenas gives fair notice of the subject of investigation, namely, dealings in petroleum products over a determined period of time, which may have violated the mandatory price and allocation regulations. *Stoltz, supra*, Memorandum Opinion at 620–621. In light of the foregoing, and for the reasons set forth more fully in the Court's opinion in *Stoltz*, the Court holds that the subpoenas in question here do provide adequate notice, are not unduly burdensome, and are not overbroad.

Petitioner in its prayer for relief asks that the Court enter an order directing respondents to comply with the subpoenas by appearing to testify before DOE officers or employees "at such time or place as may hereafter be fixed by any proper officer or employee of the Department of Energy." Since petitioner originally made its subpoena returnable in Houston, Texas, the subpoena will be enforced in that form. (*See, also, Stoltz, supra*, Memorandum Opinion at 621.)

In light of the foregoing, it is this 27 day of October, 1981, hereby

ORDERED, that Andrew E. Hill and J.E. Pinkerton comply fully with the subpoenas of May 11, 1981 ordering them to appear and testify to the matters set forth therein, at Houston, Texas, the date, time, and exact location in the Houston area of the taking of such testimony to be fixed by any proper officer or employee of the Department of Energy, and it is

FURTHER ORDERED that Respondents' Motion for Discovery is denied.